## MILLER v BENEDICT

Ohio Appeals, 2nd Dist, Franklin Co

No 2779. Decided Sept 23, 1937

Paul C. Hicks, Columbus, for plaintiff-appellee.

B. B. Bridge, Columbus, and John E. Foster, Columbus, for defendant-appellant.

## OPINION

By BARNES, PJ.

The above entitled cause is now being determined on defendant's appeal on question of law from the judgment of the Court of Common Pleas of Franklin County Ohio.

The following short statement of facts will render understandable the nature of the controversy and the manner in which the claimed errors arise.

On July 27, 1934, the plaintiff, Ethel R. Miller, while riding with one of the drivers of a freight transportation truck of defendant, was injured through the skidding and overturning of the truck on a public highway in West Virginia. The plaintiff in her petition claims that she was riding as a guest passenger and in support of this contention presents evidence that an employee of the defendant, Benedict, gave consent to her going along on the trip to West Virginia with the driver Davis. The employee of the defendant Benedict named, described as the person giving the consent, denies that he gave any such consent. The defendant Benedict presents evidence that he had no knowledge at any time that the plaintiff, Ethel R. Miller, was being transported on this trip in his truck; further, that he gave no consent for her transportation and received no recompense as a pay passenger; further, that there was a standing order that no persons were to be transported as guests or otherwise in his privately owned freight truck.

The cause was tried on the plaintiff's amended petition, the defendant's answer to the amended petition, and while the or-

iginal reply was not re-filed, apparently it was considered by the court and parties as though re-filed. In the amended petition there was an added allegation that the driver of defendant's truck was guilty of wilful and wanton misconduct. In addition there were the allegations of simple negligence. The claimed act of negligence was driving the truck at a speed greater than was prescribed under the speed laws of West Virginia. The plaintiff incorporated in her petition certain claimed pertinent sections of the official code of laws of West Virginia. These in a general way may be enumerated as follows:

(1) The section defining the meaning of a trailer.

(2) The defined meaning of the term "semi-trailer."

(3) The definition of a vehicle.

(4) The definition of a truck; and

(5) The definition of a motor vehicle.

Following is a copy of two sections of the West Virginia Code prescribing speed of motor vehicles under conditions that would be applicable to the facts in the instant case. Also is copied a section which requires operators of vehicles to observe traffic rules and regulations. A section is quoted defining the meaning of the term "chauffeur," and another section requiring that all persons operating motor vehicles on any highway of the state must have an operator with chauffeur's license. No other or further reference is made to the West Virginia laws.

The law of this state is well settled that there is a presumption that the law of the forum controls the rights of the parties to the litigation.

"Where it is claimed by either party that the law of another state or of the United States applies to the exclusion of the law of the forum the facts upon which such claim is based must be pleaded."

**Erie R. R. Co. v Welch, 89 Oh St 81.**

The trial in the Common Pleas Court resulted in a verdict for the plaintiff in the sum of $317.59. Plaintiff interposed a motion for a new trial on the principal ground that the amount of the verdict was inadequate. This motion was sustained and a new trial ordered.

At the same time the trial court had under consideration a motion interposed by counsel for defendant for judgment in favor of the defendant notwithstanding the verdict. At the close of plaintiff's testimony defendant asked for a directed verdict and this application was renewed at the close of all the testimony. All of defendant's motions and applications were seasonably overruled.

Defendant's appeal presents the sole question whether or not on the state of the record defendant is entitled to a judgment notwithstanding the verdict. Under recent decisions of the Supreme Court this procedure is authorized. **Michigan-Ohio-Indiana Coal Assn. v Nigh, Admrx., 131 Oh St 405.**

It is the contention of counsel for the defendant that the statutory law of Ohio, commonly spoken of as the "Guest Statute" precludes plaintiff's recovery since there was no evidence of wilful or wanton misconduct on the part of the driver of his truck. This question of fact is conclusively with the defendant. While there is an allegation of wilful and wanton misconduct in plaintiff's amended petition, no evidence whatever was presented in support of this allegation. The trial statement of counsel for plaintiff which is incorporated in the bill of excepions, makes no claim of wilful or wanton misconduct. The trial court in his charge to the jury addresses them solely upon the question of simple negligence. Counsel for plaintiff in their brief do not urge that there was any evidence of wilful or wanton misconduct. The sole and only evidence of negligence was a claimed speed of approximately twenty-five miles an hour on a down grade curve, whereas the Code of West Virginia prescribes a speed of fifteen miles an hour. The Supreme Court of Ohio has definitely determined that speed alone may not be considered wilful or wanton misconduct. **Morrow v Hume, 131 Oh St 319.**

The Guest Statute of Ohio, §6308-6, GC, reads as follows:

"The owner, operator or person responsible for the operation of a motor vehicle shall not be liable for loss or damage arising from injuries to or death of a guest while being transported without payment therefor in or upon said motor vehicle resulting from the operation thereof unless such injuries or death are caused by the wilful or wanton misconduct of such operator, owner or person responsible for the operation of such motor vehicle."

The legal question presented is as to whether or not under the state of the

pleadings this section of the Ohio Code is applicable. If it is, then defendant is entitled to judgment notwithstanding the verdict. It seems to us that the controlling law is so well defined that it leaves no room for controversy. Nothing can be clearer than the very positive statement set out in the case of **Mendelson v Mendelson, 123 Oh St 11:**

"In the absence of pleading and proof to the contrary the presumption obtains that the law of the place where the contract was executed is the same as where the law of enforcement thereof is sought."

While this case refers to a contract the law is the same under any form of action. The same principle is announced in the case of **Erie Railroad Company v Welch, 89 Oh St 81.** Syllabi 1 and 2 are referred to earlier in this opinion. The section of the Ohio Code commonly known as the Guest Statute was substantive law of Ohio at the time of the alleged accident and injury. This section of the law would be applicable in determining the rights and liabilities of the parties unless it affirmatively appear through the petition and evidence that the law of the state where the accident occurred was otherwise. The petition makes no reference to the West Virginia Code relative to guests. The rule is well recognized that courts may not take judicial notice of the laws of any other state. We do take judicial notice of the laws of our own state and those of the United States. Counsel for defendant state in their brief that West Virginia has no guest statute. If this be true, plaintiff's pleading should have contained allegations as to the substantive law of West Virginia which should have rendered inapplicable the guest statute of Ohio. Again, counsel for defendant urge that this is defensive and that it devolves upon defendant to raise the question through its answer. This is an incorrect statement of the law. Defendant was perfectly willing to try the case under the Guest Statute of Ohio. There was no reason for defendant pleading the Ohio section of the law because judicial notice will be taken of its provisions. If, as counsel for plaintiff claims, there is no guest statute in West Virginia, it would seem absurd to say that there was any obligation on the part of defendant to plead that fact. Under the state of the record it is our conclusion that defendant is entitled to a judgment notwithstanding the verdict.

There is another proposition not urged in the brief which we think requires the same conclusion. We think there is no evidence, either direct or from which any legal inference may be drawn, that defendant consented to the plaintiff being transported in his freight transportation motor vehicle. The evidence is conclusive that defendant gave no direct permission to any employee to give consent for a guest passenger to ride along with one of his drivers. On the contrary, evidence is conclusive that specific instruction was to not permit such transportation. The claim is made that one Myers, employed as dock superintendent, gave such permission. This Myers denies, but admitting for the purpose of analysis that everything claimed by plaintiff on this question is properly shown, the question still presents itself as to whether or not there was authority, either express or implied, to give such consent. As heretofore stated, there was no express authority. This leaves the sole remaining question as to whether or not there was implied authority. The rule of law is well recognized that principals are not only bound by the acts of their agents within the bounds of their express authority, but also within the bounds of their apparent authority. Was the act of Myers if as claimed by plaintiff, within the field of his apparent authority? Apparent authority is generally defined as that incident to the specific authority and naturally attending the furtherance of the principal's business. Using this test, can it be said that Myers' consent was in the line of his apparent authority? We think not. It certainly was not an incident of defendant's business for some agent or representative to give a consent for a driver to permit a passenger without pay to ride with him on a trip. It certainly was not an incident of the business and in no sense could be in furtherance of the defendant's business. It was for the sole advantage of the guest and possibly the driver who desired her company. By no stretch of the imagination could it be of interest or benefit to the defendant.

Coming now to entering the judgment that the lower court should have entered, the judgment of the lower court will be

reversed and judgment for defendant be entered. Exceptions.

GEIGER, J, concurs.
HORNBECK, J, concurs in the first proposition of the opinion and the judgment.